# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH MICHAEL LADEAIROUS, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 14-643 (RMC) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

In this action brought *pro se* under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, plaintiff Joseph Michael Ladeairous challenges the Department of Justice's no-records response to his request to the Federal Bureau of Investigation ("FBI") for records concerning himself. The Court initially found from the description of the FBI's filing systems that the failure to search for records by Mr. Ladeairous' social security number, in addition to his name, raised "substantial doubt about the adequacy of the search." Dec. 16, 2014 Mem. Op. at 6 [Dkt. 13] (internal quotation marks omitted). In response to the Court's ruling, the FBI searched its Central Records System (CRS) by Mr. Ladeairous' social security number but located no responsive records. DOJ has supplemented the record and has renewed its motion for summary judgment on the remaining search question [Dkt. 14].[1] For the reasons explained below, the

---

[1] Because the parties have raised the issue again, it bears repeating that DOJ's invocation of FOIA exemption 7(E) as the basis for neither confirming nor denying the existence of Mr. Ladeairous' name on "any watch lists" is beyond the scope of this case. *See* Dec. 16, 2014 Mem. Op. at 5 (declining to address "either party's arguments on this non-issue").

1

Court will grant DOJ's renewed motion for summary judgment and will enter judgment for DOJ.[2]

## I. THE FBI'S SEARCH FOR RESPONSIVE RECORDS

In his initial declaration, Mr. Hardy provides a detailed description of the CRS and explains why it is the system most likely to locate records responsive to Mr. Ladeairous' request. The search was designed to locate any responsive records at FBI Headquarters "and all field offices specific to plaintiff's requested timeframe." Decl. of David M. Hardy ¶ 18 [Dkt. 14-1]. The search terms "included variations of a phonetic breakdown of plaintiff's first, middle and last name," *id.*, which is how records are catalogued and retrieved, *see id.* ¶¶ 13-14, 17. The FBI's second search, conducted during the course of litigation, was broadened "to include cross-references," utilizing the same name variations and timeframe. *Id.* ¶ 19. A cross reference "is generally only a mere mention or reference to an individual . . . contained in a document located in another 'main' file on a different subject matter." *Id.* ¶ 13(b). "[N]o cross-references indexed to 'Joseph Michael Ladeairous' were located." *Id.* ¶ 19.

In his supplemental declaration, Mr. Hardy explains why the FBI's initial search did not include Mr. Ladeairous' social security number. According to Mr. Hardy, a search solely by a requester's social security number is generally not performed. Rather, a requester's social

---

[2] Also pending is Mr. Ladeairous' collection of four motions seeking discovery via document production, interrogatories, admissions, and "written depositions" [Dkt. 19]. The Court will summarily deny the motions because they concern matters that are well beyond the scope of this FOIA action. Moreover, "[d]iscovery in FOIA is rare and should be denied where," as found here, "an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains," and where there is no evidence of agency "bad faith." *Baker & Hostetler LLP*, 473 F.3d 312, 318 (D.C. Cir. 2006) (quoting *Schrecker v. DOJ*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002)).

security number is used "as a means of confirming that any records located through a search of a subject's name [is], in fact, about the subject." Second Decl. of David M. Hardy ¶ 9 [Dkt. 14-2]. The FBI's name-only search failed to locate responsive records; consequently, searching by Mr. Ladearious' social security number "or any other identifiers" became a moot point "because there were no records that [the Record/Information Dissemination Section] needed to confirm were actually about plaintiff." *Id.* ¶ 10.

Now that the FBI has searched its main and cross-reference files by Mr. Ladearious' name and social security number, and has provided a reasonable explanation for the initial omission of the social security number as a search term, the Court finds that the FBI made "a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." Dec. 16, 2014 Mem. Op. at 3 (quoting *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).

## II. CONCLUSION

For the foregoing reasons, the Court concludes that defendant DOJ has now demonstrated its full compliance with FOIA and is entitled to judgment as a matter of law. Plaintiff's Motion for the Production of Documents, Motion for Interrogatories, Motion for Admissions, Motion for Written Depositions, and Motion for the Appointment of Counsel for Written Depositions [Dkt. 19] will be denied, and Defendant's Renewed Motion for Summary Judgment [Dkt. 14] will be granted. Judgment will be entered for the Defendant. A memorializing Order accompanies this Memorandum Opinion.

Date: March 9, 2016                  _____/s/_____
                                        ROSEMARY M. COLLYER
                                        United States District Judge